Hon. Joseph H. Holland Formal Opinion Chairman No. 96-F3 Housing Trust Fund Corporation One Fordham Plaza New York, New York 10458
Dear Commissioner Holland:
You have requested a formal opinion of the Attorney General as to whether the Governor has authority to designate the Housing Trust Fund Corporation to administer the Federal Home Investments Partnership Program without legislative approval.
Generally, under the Home Investments Partnership Program (Home Program), the Federal Department of Housing and Urban Development (HUD) allocates funds by formula to eligible state and local governments in order to strengthen public-private partnerships in the provision of more affordable housing. 24 C.F.R. § 92.1; see also, 42 U.S.C. § 12741,et seq. Federal funds are required to be matched by non-federal resources. Id. State and local governments that become participating jurisdictions in the Home Program may use Federal funds to carry out multi-year housing strategies through acquisition, rehabilitation, and new construction of housing, and tenant-based rental assistance. Id. Participating jurisdictions may provide assistance in a number of eligible forms approved by HUD including loans, advances, equity investments and interest subsidies. Id.
One purpose of the Home Program is to expand the supply of decent, safe, sanitary and affordable housing with primary attention given to rental housing for very low income persons. Id. A second primary purpose is to mobilize and strengthen the abilities of states and units of general local governments throughout the United States to design and implement strategies for achieving adequate supplies of this housing. Id. Also, the Home Program provides participating jurisdictions with various forms of Federal housing assistance, including capital investment, mortgage insurance, and rental assistance. Id.
In 1992, the State Legislature enacted Article XXIV of the Private Housing Finance Law, which designated the Division of Housing and Community Renewal (Division) to administer the provisions of the Home Program on behalf of New York State. L 1992, ch 794. Article XXIV also sets forth various Program requirements. Private Housing Finance Law § 1172. The significant provision underlying this opinion request is
 Notwithstanding any contrary provision of law, on and after June thirtieth, nineteen hundred ninety-five, the division shall not issue notices of fund availability, accept applications or enter into any new agreements pursuant to the provisions of this section.
Id., § 1172(7). This provision, barring the Division from taking action to make new awards under the Home Program, apparently was intended to provide the Legislature with an opportunity to review the administration of the Program by the Division.
In the 1995-1996 session of the Legislature, the Senate and the Assembly failed to reach agreement on a continuation of the Division's authority to administer the Home Program. While both Houses favored an extension of the Division's authority, the Assembly until June 30, 1996, and the Senate until June 30, 1998, the Assembly bill also included an increase in the cap on the Housing Bond Program, the so-called SCOR Bonds. S5329; A8080. This proposed increase was unrelated to the Home Program. New York State Assembly Memorandum in Support of Legislation, A8080.
You have indicated that HUD representatives have stated that due to the Legislature's failure to extend the Division's authority to administer the Home Program, previous submissions by the State to HUD may be considered invalid.
 HUD may revoke a jurisdiction's designation as a participating jurisdiction if . . . HUD finds . . . that the jurisdiction is unwilling or unable to carry out the provisions of [the Home Program]. . . . When HUD revokes a participating jurisdiction's designation as a participating jurisdiction, HUD will reallocate any remaining funds in the jurisdiction's HOME Investment Trust Fund.
24 C.F.R. § 92.107. In jeopardy is 24.4 million dollars allocated to New York State in Federal fiscal year 1995.
To continue New York's status as a participating jurisdiction, the Governor has officially notified Secretary Cisneros of HUD that he has designated the New York State Housing Trust Fund Corporation to act on behalf of New York State with regard to the provisions of the Home Program. The designation is effective with respect to the grant agreement representing funds for the 1995 Federal fiscal year with the Division continuing to administer all previous years' funding agreements.
Under Federal law, a state may qualify as a participating jurisdiction for purposes of the Home Program through "any agency or instrumentality thereof that is established pursuant to legislation and designated by the chief executive officer to act on behalf of the State with regard to the provisions of this Act [Part]". 42 U.S.C. § 12704(2), (4);24 C.F.R. § 92.2. Thus, the designation by the Governor of the Housing Trust Fund Corporation, a corporation existing under provisions of State law (Private Housing Finance Law § 45-a), clearly meets the requirements of Federal law for eligibility to qualify as a participating jurisdiction. Federal law does not require that the Legislature concur with the designation by the Governor. Actual designation as a "participating jurisdiction" does not require any action by the State Legislature under Federal regulations. 24 C.F.R. § 92.105.
Compliance with the provisions of Federal law governing qualification of a state as a participating jurisdiction in the Home Program is all that is required and authorized. The overlay of additional or inconsistent requirements by a state would violate Federal law.
The designation by the Governor of the Housing Trust Fund Corporation for the future administration of the Home Program is not inconsistent with New York State law. Section 1172(7) of the Private Housing Finance Law prohibits the Division from issuing notices of fund availability, accepting applications or entering into new agreements after June 30, 1995. This provision does not state or imply that the Home Program cannot be administered by New York State subsequent to the termination of the Division's authority regarding new agreements. Designation by the Governor of a different entity, the Housing Trust Fund Corporation, to administer the Home Program, is not inconsistent with any provisions of State law. Indeed, acquiescence by the Legislature to the continuation of the Home Program in the State is evidenced by inclusion in the Capital Budget of administrative funds to the Division for purposes of the Program. Capital Projects Budget, 1995-1996. In that the Division is authorized by Private Housing Finance Law § 45-a(11) to provide services to the Housing Trust Fund Corporation, the designation of the Corporation by the Governor is consistent with the Legislature's appropriation. The Housing Trust Fund Corporation has authority to administer the Home Program on behalf of the State. Among its extensive powers in the housing field, the Corporation is authorized to facilitate the coordination of existing State, Federal and local programs which promote the development of low income housing. Private Housing Finance Law § 45-a(9).
Thus, the Governor clearly had authority to designate the Housing Trust Fund Corporation to administer the Home Program, without legislative approval. The Home Program statute and regulations for State participation provide this authorization to the Governor. There is no State law that terminates the State's participation in the Home Program, designates a different agency to administer the Home Program on the State's behalf or requires legislative approval to designate an agency to administer the Home Program. Such a requirementwould be inconsistent with Federal law.
Also, the position that as a matter of State law legislative approval of the designation is required is an intrusion on the powers of the Governor as the chief executive officer of the State. Bourquin v. Cuomo,85 N.Y.2d 781 (1995); Clark v. Cuomo, 66 N.Y.2d 185 (1985). The constitutional principle of separation of powers, implied by the separate grants of power to each of the coordinate branches of government, requires that the Legislature make policy while the Executive Branch's responsibility is to implement that policy. Bourquin, supra, p 784. The Legislature has made the policy decision to continue participating in the Home Program through its approval of funds in the Capital Budget specifically for the Program. Also, the Housing Trust Fund Corporation, which has been designated by the Governor, has been specifically authorized by the Legislature to facilitate coordination of local housing partnerships and existing State, Federal and local programs which promote the development of low income housing. Private Housing Finance Law §45-a(9). From a Program perspective, the designation by the Governor of the Housing Trust Fund Corporation is all that is necessary in that Federal laws and regulations governing the Home Program fully set forth Program requirements. No further act of the State Legislature is necessary for administration of the Home Program based on this comprehensive setting forth of Program requirements.
Other State statutes evidence a legislative policy to implement Federal and State housing programs and establish a broad basis for the Governor's designation for the Home Program. Bourquin, supra; Cuomo, supra. Article XVIII(2) of the New York State Constitution authorizes the Legislature to participate in Federal housing programs and the Legislature has implemented this authority by granting powers to various State entities to participate in these programs. See, Social Services Law §29 — Department of Social Services; Unconsolidated Laws § 6252 — Urban Development Corporation; Public Housing Law § 14 — Division of Housing and Community Renewal; Private Housing Finance Law § 44 — Housing Finance Agency. The Legislature has enacted programs similar to the Home Program. See, Private Housing Finance Law §§ 571, 920, 1051, 1100, 1110, 1120,1130; Unconsolidated Laws § 8622.
The failure of the Legislature to enact legislation extending the authority of the Division to administer the Home Program on behalf of the State does not indicate legislative disapproval of the designation by the Governor. Bourquin, supra, pp 787-788. "Legislative inaction, because of its inherent ambiguity, `affords the most dubious foundation for drawing positive inferences'". Clark, supra, pp 190-191. In any event, the failure of the Legislature to agree only prohibited the Division from taking further action to enter into new agreements under the Home Program but did not bar the State from continuing to participate in the Program or prohibit the Governor from following Federal statutory guidelines in the designation, without legislative approval, of a new entity, the Housing Trust Fund Corporation, to administer the Home Program.
We conclude that the Governor is authorized to designate the Housing Trust Fund Corporation to administer the Federal Home Investments Partnership Program without legislative approval.
Very truly yours,
DENNIS C. VACCO, Attorney General